```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

MDT PERSONNEL, LLC,

    Plaintiff,

v.                          CASE NO: 8:10-cv-2545-T-33MAP

CAMOCO, LLC, et al.,

    Defendants.

_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff MDT Personnel's Emergency Motion for Temporary Restraining Order (Doc. # 2). Plaintiff seeks an order retraining and enjoining Defendants from soliciting or recruiting any employees of MDT, from using MDT's confidential and proprietary business information to solicit any of MDT's customers, and from destroying, concealing or disposing of any documents, paper or electronic files or other materials obtained from or belonging to MDT Personnel.

In order to justify the issuance of a preliminary injunction, the movant must establish:

> (1) a substantial likelihood of prevailing on the merits; (2) an irreparable injury if the injunction does not issue; (3) a threatened injury to [the movant] that is greater than any damage the preliminary injunction would cause the [opposing party]; and (4) the absence of any adverse effect on the public interest in the injunction issues.

<u>Café 207, Inc. v. St. Johns County</u>, 989 F.2d 1136, 1137 (11th Cir. 1993).  The issuance of a preliminary injunction is a drastic remedy, and the moving party "bears the burden to clearly establish the four prerequisites."  <u>Id</u>.

A party seeking the issuance of a temporary restraining order must prove the same four factors listed above.  <u>See</u> Local Rule 4.05(b)(4), M.D. Fla. Rules.  In addition, a temporary restraining order without notice will only be granted if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).  <u>See</u> <u>also</u> Local Rule 4.05(b)(4)(ii), M.D. Fla. Rules (the brief submitted in support of a motion for temporary restraining order must address the reason why notice cannot be given).

Upon review of the file in this action, the Court has determined that MDT has failed to establish entitlement to the drastic remedy it seeks.  MDT has not met its burden of clearly establishing that it has a substantial likelihood of prevailing on the merits in this action.  Specifically, MDT has failed to establish the existence of a business

2

relationship under which MDT has legal rights. The Court notes that MDT's memorandum of law fails to cite to any case law whatsoever to support its argument that this set of facts sets forth a viable claim for tortious interference with a business relationship or a viable claim for misappropriation of trade secrets.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. # 2) is **DENIED**.

(2) Plaintiff's Motion for Preliminary Injunction (Doc. # 6) is hereby **REFERRED** to Magistrate Judge Mark A. Pizzo, who shall submit proposed findings of fact and recommendation as to the appropriate disposition of the motion.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of November, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record