```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION


MDT PERSONNEL, LLC,

        Plaintiff,

v.                                CASE NO:  8:10-cv-2545-T-33MAP

CAMOCO, LLC, et al.,

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Strike Affirmative Defenses (Doc. # 37). Defendants filed a Response in Opposition thereto (Doc. # 41).

Plaintiff seeks an order striking twenty of Defendants' thirty-one affirmative defenses; specifically, the third, sixth, ninth, twelfth, fourteenth through twenty-first, and twenty-third through thirtieth affirmative defenses. Plaintiff asserts various reasons to strike the various affirmative defenses including that they are not defenses, they are mere legal conclusions, and they are redundant and impertinent.

In response, Defendants indicate that they voluntarily withdraw their fourteenth, eighteenth, nineteenth, twenty-first, twenty-third and twenty-fourth through thirtieth

affirmative defenses. They otherwise defend their remaining affirmative defenses and submit that they should not be stricken.

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly

2

when there is no showing of prejudice to the movant." <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

While the twelfth affirmative defense is due to be stricken as insufficient as a matter of law for the reasons addressed in this Court's Order denying Defendants' motion to strike punitive damages, the Court finds that there is no prejudice to Plaintiff by allowing the third, sixth, ninth, fifteenth, sixteenth, seventeenth and twentieth affirmative defenses to remain. The Court encourages the parties to be cognizant of the Court's limited judicial resources and discourages the parties from filing motions that do not affect the outcome of the case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Strike Affirmative Defenses (Doc. # 37) is **GRANTED** as to Defendants' twelfth, fourteenth, eighteenth, nineteenth, twenty-first, and twenty-third through thirtieth affirmative defenses and otherwise **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of May, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record